Vikas Khanna
Acting United States Attorney
By: Peter A. Laserna
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-645-2739
Peter.Laserna@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Hon. |
| Plaintiff, | : | Civil Action No. 25- |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **9282 PIECES OF BOYS' SUITS, MORE OR LESS,** | : | |
| | : | |
| **Defendant *in rem.*** | : | |
| | : | |

Plaintiff, United States of America, by its attorney, Vikas Khanna, Acting United States Attorney for the District of New Jersey (by Peter A. Laserna, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is an action to forfeit to the United States of America ("Plaintiff") a total of 9,282 pieces of boys' suits, more or less, pursuant to 19 U.S.C. § 1595a(c)(2)(A) and 15 U.S.C. § 1263, which subjects to forfeiture merchandise whose importation is not in compliance with the law relating to health, safety, or conservation.

## THE DEFENDANT *IN REM*

2. The defendant property consists of a total of 9,282 pieces of boys' suits, more or less ("Defendant Property") initially detained by the by the Department of Homeland Security, U.S. Customs and Border Protection ("CBP") at the request of U.S. Consumer Product Safety Commission ("CPSC") at the Port of New York/Newark and subsequently seized by CBP on March 24, 2020.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(b), because the Defendant Property is located in the District of New Jersey.

5. The Defendant Property is currently in the custody of CBP.

6. Plaintiff requests that upon the filing of this Verified Complaint, the Clerk issue an arrest warrant *in rem* pursuant to 28 U.S.C. § 1355(b) and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff will cause the arrest warrant *in rem* to be executed upon the Defendant Property and the Court will thereby acquire *in rem* jurisdiction over such property.

## FACTS

7. Angels New York US, Inc. ("Angels New York") is a corporation organized under the Laws of the State of New York and assigned Department of

State ID 3855494. According to information publicly available on the website for the New York State Department of State, Division of Corporations (https://apps.dos.ny.gov/publicInquiry (last accessed on February 10, 2025)): Angels New York's address for purposes of serving process is 198-37 Jamaica Avenue, Hollis, New York 11423; the name and address of the CEO of Angels New York is listed as Danny Yazdan, 198-37 Jamaica Avenue, Hollis, New York 11423; and the principal executive office address is listed as 30 Maple Drive, Great Neck, NY 11021.

8. On or about December 28, 2019, Angels New York attempted to import from China, through the Port of New York/Newark, the Defendant Property.

9. On subsequent dates CPSC requested that CBP detain the Defendant Property; CPSC then collected samples, assigned CPSC Sample Numbers 20-304-2976 to 20-304-2981, for laboratory testing.

10. On or about March 11, 2020, the CPSC sent a Notice of Violation to Angels New York relaying the CPSC's determination that the buttons affixed to the 9,282 pieces of boys' suits (*i.e.*, the Defendant Property) contained levels of lead in excess of 100 parts per million, rendering the boys' suits banned hazardous substances within the meaning of the Federal Hazardous Substances Act, 15 U.S.C. § 1261(q)(1).

11. On or about March 24, 2020, CBP seized the Defendant Property for violations of 19 U.S.C. § 1595a(c)(2)(A) and 15 U.S.C. § 1263.

12. On or about April 21, 2020, CBP mailed a Notice of Seizure for the Defendant Property to Angels New York, alleging that the Defendant Property was subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(A) and 15 U.S.C. § 1263.

13. On or about November 10, 2020, Angels New York, through Solomon S. Abady, Esq., filed an Administrative Petition for Relief with CBP requesting return of the Defendant Property.

14. On or about August 30, 2021, a Fines, Penalties & Forfeitures ("FP&F") Officer of CBP mailed to Angels New York a letter denying its Petition for Relief.

15. The shipment in December 2019 was at least the third instance in which Angels New York had attempted to import children's clothing that contained unsafe levels of lead.

16. Specifically, on or about July 5, 2018, CPSC had sent a notice to Angels New York notifying Angels New York that children's suits that Angels New York had attempted to import under entry number 82301785554 contained lead in excess of the 100 ppm limit.

17. On or about August 20, 2018, CPSC had sent a separate notice to Angels New York notifying Angels New York that children's suits that Angels New York had attempted to import under entry number 82301793863 contained lead in excess of the 100 ppm limit.

18. On or about September 13, 2021, Angels New York, through Solomon S. Abady, Esq., filed with CBP a request to refer the instant matter to

the United States Attorney's Office for the District of New Jersey for the institution of judicial forfeiture proceedings.

## CLAIM FOR FORFEITURE

19. The allegations contained in paragraphs 1 through 18 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein as if set forth at length.

20. Based on the facts presented above, the Defendant Property is merchandise whose importation is not in compliance with the law relating to health, safety, or conservation, and is therefore subject to condemnation and forfeiture, pursuant to 19 U.S.C. § 1595a(c)(2)(A) and 15 U.S.C. § 1263.

**WHEREFORE**, Plaintiff requests that the Clerk of the Court issue a warrant for arrest *in rem* for the Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant Property; that the Defendant Property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: February 27, 2025

                                            Vikas Khanna
                                            Acting United States Attorney

                                            *s/Peter A. Laserna*
By:    Peter A. Laserna
        Assistant United States Attorney

## **VERIFICATION**

I, Charles Ciraco, hereby verify and declare under penalty of perjury that I am a Deputy Officer at the Fines, Penalties and Forfeiture Office ("FP&F") of U.S. Customs and Border Protection, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States; information obtained directly by me; and information supplied to me from and by other government officials during an investigation of alleged violations of Titles 15 and 19 of the United States Code.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this 27th day of February 2025.

_____
Charles Ciraco
Deputy FP&F Officer
Port of New York/Newark
U.S. Customs and Border Protection